## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **JOANNA H.**,<br><br>　　**Plaintiff**,<br><br>v.<br><br>**NANCY A. BERRYHILL**,<br>**Deputy Commissioner for Operations**<br>**performing the duties and functions**<br>**not reserved to the Commissioner of**<br>**Social Security**,<br><br>　　**Defendant**. | Case No. 18-2117 |

### REPORT AND RECOMMENDATION

Plaintiff Joanna H. seeks review under 42 U.S.C. § 405(g) of the Social Security Administration's denial of her application for disability insurance benefits. The parties filed cross motions for summary judgment. For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment **(#11)** be **DENIED**, Defendant's Motion for Summary Judgment **(#15)** be **GRANTED**, and the decision to deny benefits be affirmed.

**I.    Background**

On February 12, 2015, Plaintiff filed an application for disability insurance benefits, alleging disability beginning March 15, 2014. The Social Security Administration denied Plaintiff's claims initially and on reconsideration. Plaintiff appeared and testified at a hearing before an Administrative Law Judge (ALJ). During the hearing, the ALJ heard testimony from an impartial vocational expert (VE).

On July 6, 2017, the ALJ issued an unfavorable decision. (R. 15-25.) The ALJ found that Plaintiff has the severe impairments of degenerative disc disease and spondylosis of the lumbar spine status post laminectomy, osteoarthritis of the right knee, post arthroplasty of the left knee with patellar fracture, cervical spondylosis, and

fibromyalgia. (R. 17.) The ALJ also found that Plaintiff has the nonsevere impairments of status post bunionectomy, osteoarthritis of the right hand, and restless leg syndrome. (R. 17.) The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart A, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). (R. 18.) Additionally, the ALJ found that Plaintiff has the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except she can occasionally climb ramps and stairs, balance, and stoop; never kneel, crouch, or crawl; never climb ladder, ropes, or scaffolds. She cannot tolerate concentrated exposure to extreme cold or vibration, and she cannot work around unprotected heights, open flames, or dangerous and moving machinery.

(R. 19.) The ALJ found that Plaintiff is capable of performing her past relevant work as a customer service policy holder information clerk. (R. 24.) The Appeals Council denied Plaintiff's request for review, making the ALJ's ruling the Commissioner's final decision.

II.     **Standard of Review**

The court reviews a decision denying benefits to determine only whether the ALJ applied the correct legal standards and whether substantial evidence supports the ALJ's decision. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Walker v. Berryhill*, 900 F.3d 479, 482 (7th Cir. 2018) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). When reviewing the administrative record, the Court does not "reweigh the evidence or substitute [its] judgment for that of the ALJ." *Chavez v. Berryhill*, 895 F.3d 962, 968 (7th Cir. 2018).

Stated differently, if reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012). Importantly, "the ALJ must 'build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of

every piece of testimony and evidence.'" *Id.* (quoting *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005).

### III. Analysis

Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's mental impairments, did not follow SSR 96-8p in determining Plaintiff's RFC, and improperly evaluated Plaintiff's subjective allegations of pain.

#### a. Mental Impairments

The ALJ found that Plaintiff did not have a medically determinable mental impairment. Plaintiff argues that the ALJ erred in failing to subject Plaintiff's depression to the "special technique" outlined for assessing mental impairments and failed to evaluate the impact of Plaintiff's mental impairment on her RFC.

The Regulations provide a special technique for evaluating mental impairments. "The special technique requires that the ALJ evaluate the claimant's 'pertinent symptoms, signs, and laboratory findings' to determine whether the claimant has a medically determinable mental impairment." *Craft v. Astrue*, 539 F.3d 668, 674 (7th Cir. 2008) (citing 20 CFR § 404.1520a(b)(1)). "If the claimant has a medically determinable mental impairment, then the ALJ must document that finding and rate the degree of functional limitation in four broad areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." *Id.* citing § 404.1520a(c)(3).

Section 404.1521 instructs the ALJ in determining whether the claimant has a medically determinable mental impairment:

> Your impairment(s) must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source. We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s).

Therefore, under § 404.1521, the ALJ need not consider Plaintiff's statements of symptoms, a diagnosis, or medical opinion when deciding if Plaintiff has a medically determinable mental impairment. Instead, the mental impairment must "result from

3

anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques" and "be established by objective medical evidence from an acceptable medical source."

Plaintiff's medical record does not contain medically acceptable clinical and laboratory diagnostic techniques establishing a mental impairment. Plaintiff instead cites to the medical opinions of three physicians. First, Dr. Waheed saw Plaintiff for a follow up visit in 2016. (R. 739-40.) Dr. Waheed diagnosed Plaintiff with anxiety disorder and major depressive disorder. (R. 740.) Second, the State agency psychological consultant at the initial level found that Plaintiff had a mood disorder of mild severity, but that there was no indication of past or present mental health treatment and that while she evidences a depressed mood, she has no apparent concentration or immediate memory difficulties. (R. 74.) Third, Dr. Schoenbach, a consultative psychological examiner, diagnosed Plaintiff with unspecified depressive disorder and noted that she was experiencing feelings consistent with depression. (R. 573.) Dr. Schoenbach also observed that Plaintiff had a mild concentration impairment as she was only able to recall a series of numbers forward and backward up to five digits. (R. 572.)

While these physicians recognized minor mental limitations, they merely provided opinions and diagnoses, which the Regulations expressly find insufficient to establish an impairment. § 404.1521. Plaintiff does not cite medically acceptable clinical and laboratory diagnostic results establishing a mental impairment. Further, Plaintiff ignores the opinion of the State agency consultant at the reconsideration level, that "no mental impairment exists." (R. 90.) Instead, at the reconsideration level, the physician found that any difficulties concentrating and getting along with others were attributable to her physical pain. (R. 90.) The ALJ's finding that Plaintiff does not have a medically determinable mental impairment is supported by substantial evidence.

### b. Residual Functional Capacity

Plaintiff argues that the ALJ's RFC assessment is not supported with substantial evidence. The Seventh Circuit has defined the RFC as "the claimant's ability to do physical and mental work activities on a regular and continuing basis despite limitations

from her impairments." *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). "When determining the RFC, the ALJ must consider all medically determinable impairments, physical and mental, even those that are not considered 'severe.'" *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008). "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." SSR 96-8p.

Plaintiff argues that no physician opined a sedentary RFC, and therefore the ALJ failed to build a logical bridge between the evidence and her conclusion that Plaintiff was able to perform sedentary work. If the ALJ rejects all available medical evidence upon which to base an RFC assessment, this can leave an "evidentiary deficit where 'the rest of the record does not support the parameters included in the ALJ's residual functional capacity determination,' and the ALJ fails to 'build an accurate and logical bridge from the evidence to her conclusion.'" *Krieger v. Colvin*, 2016 WL 406330, at *3 (C.D. Ill. 2016) (citing *Suide v. Astrue*, 371 Fed. Appx. 684, 2010 WL 1508510, at *6 (7th Cir. 2010)."

But here, the ALJ did not reject all available medical evidence. In considering the medical opinions, the ALJ gave some weight to the State agency medical consultants at the initial and reconsideration level who opined that Plaintiff could perform light work. (R. 23-24.) The ALJ noted that these opinions were "generally consistent with the medical evidence of record as of the date the opinions were rendered." The ALJ then considered continuing treatment and gave Plaintiff the "benefit of the doubt" and reduced Plaintiff to sedentary work.

Plaintiff cites a litany of medical records, none of which include a medical opinion stating that Plaintiff is unable to do sedentary work. The Court finds that the ALJ's incorporation of the medical opinion evidence into the RFC was supported by substantial evidence.

Next, Plaintiff argues the ALJ failed to consider her combination of impairments. Specifically, Plaintiff argues the ALJ did not account for her need to lie down throughout the day. At the hearing, Plaintiff testified that two to three times a month she must lie down for a minimum of one to two days. (R. 45.) Plaintiff also cites to page 52 of the

Record. At that point in the hearing, Plaintiff testified that she lays down while using her TENS machine, but that she tries to sit up. Plaintiff cites two function reports from the medical record, neither of which mentions a need to lie down. On the function report, Plaintiff reported that she "must be able to sit and walk" during the day due to pain. (R. 232.) Plaintiff did not list a need to lie down as a limit to her ability to work. Plaintiff cites another function report where she detailed her drowsiness, but again did not mention that she needed to take breaks from sitting to lie down. (R. 275.) No physician found that Plaintiff needed to lie down during the day due to her combination of impairments. Moreover, the ALJ specifically considered "all of her severe and non-severe impairments" and did not find that the non-severe impairments "considered singly and in combination with the claimant's severe impairments impose[d] any additional limitations than those assessed in the residual functional capacity." (R. 23.)

Finally, Plaintiff argues that the ALJ did not fully address Plaintiff's hand problems. The ALJ found that Plaintiff's osteoarthritis of the right hand was a nonsevere impairment. (R. 17.) There is exactly one medical record involving complaints of hand pain. On May 16, 2016, Plaintiff reported "throbbing, constant" pain with use of her right hand. (R. 787.) At the hearing, Plaintiff testified that her hand would prevent her from typing 65 words per minute, but made no other complaints relating to her right hand. (R. 55-56.) The Regulations define an impairment as one that "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 CFR § 404.1509. The ALJ did not error in finding Plaintiff's hand pain to be nonsevere or by not including hand limitations in Plaintiff's RFC.

The ALJ's RFC assessment contained a thorough discussion and analysis of the available evidence. The Court does not find error.[1]

---

[1] Plaintiff also argues that the ALJ failed to discuss Plaintiff's complaints of pain when assessing the RFC as required by SSR 96-8p. Because this overlaps with the subjective symptom analysis, the Court will consider this argument in the next section.

### c. Subjective Symptom Analysis

Finally, Plaintiff argues that the ALJ failed to consider Plaintiff's subjective complaints of pain. The Regulations direct the ALJ to "consider all of your statements about your symptoms, such as pain, and any description your medical sources or nonmedical sources may provide about how the symptoms affect your activities of daily living and your ability to work." 20 C.F.R. § 404.1529(a). But, the Regulations also provide that "statements about your pain or other symptoms will not alone establish that you are disabled. There must be objective medical evidence from an acceptable medical source that shows you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and that, when considered with all of the other evidence . . . would lead to a conclusion that you are disabled." 20 C.F.R. § 404.1529(a).

Plaintiff cites numerous function reports where she reported pain in her lower back, neck, and legs causing limitations in her daily life. (R. 233, 237, 268, 274). The ALJ did not ignore these reports of pain. She acknowledged Plaintiff's reports of neck, back, knee, and shoulder pain. (R. 20.) But, the ALJ found that the record showed "a history of treatment prior to the alleged onset date" and did not show "significant worsening at or near the alleged date." *Id*. The ALJ found that Plaintiff's subjective complaints were not supported by the record. First, the ALJ considered that the medical record showed at least partial improvement with injections and medications. (R. 356, 362, 371.) The Court recognizes that even with partial improvement, Plaintiff continued to complain of pain to her treaters. The ALJ accommodated this pain by limiting Plaintiff to sedentary work with the limitations described above.

As directed by the Regulations, the ALJ considered Plaintiff's complaints of pain in light of her "extensive and independent" daily activities including gardening, yoga, Pilates, tai chi, preparing meals, and doing daily chores. (R. 23.)

Plaintiff's statements about her pain cannot alone establish that she is disabled. The ALJ reasonably found that these statements were not supported by the objective medical evidence and denied Plaintiff's claim.

7

**IV.  Conclusion**

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment **(#11)** be **DENIED**, Defendant's Motion for Summary Judgment **(#15)** be **GRANTED**, and that the decision to deny benefits be affirmed. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 20th day of May, 2019.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE