UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOANNA M. HOSTUTLER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-cv-2117-JES-EIL |
| NANCY BERRYHILL, Acting Commissioner of Social Security,[1] | ) |
| Defendant. | ) |

# ORDER

Now before the Court are Plaintiff's Motion (Doc. 11) for Summary Judgment, Defendant's Motion (Doc. 15) for Summary Judgment, and Magistrate Judge Eric Long's Report and Recommendation (Doc. 18) recommending that Plaintiff's Motion be denied, Defendant's Motion be granted, and the Commissioner's decision to deny benefits be affirmed. Plaintiff has filed an Objection (Doc. 19) to the Report and Recommendation. This Order follows.

## BACKGROUND

The facts of this case have been sufficiently detailed in the Magistrate Judge's Report and Recommendation (Doc. 18), and are recounted here in summary fashion. Plaintiff filed an application for disability insurance benefits on February 12, 2015, alleging disability beginning March 15, 2014. A hearing was held by an Administrative Law Judge ("ALJ") where Plaintiff and a vocational expert testified. The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration.

---

[1] The Clerk is directed to substitute ANDREW SAUL, Commissioner of Social Security, as the Defendant in this case, as he is now the current Commissioner of the Social Security Administration. *See* Fed. R. Civ. P. 25(d).

On July 6, 2017, the ALJ issued an unfavorable decision, finding Plaintiff's severe impairments—degenerative disc disease and spondylosis of the lumbar spine status post laminectomy, osteoarthritis of the right knee, post arthroplasty of the left knee with patellar fracture, cervical spondylosis, and fibromyalgia—and nonsevere impairments—status post bunionectomy, osteoarthritis of the right hand, and restless leg syndrome—did not rise to the level of an impairment or combination of impairments that meets or medically equals the severity of a listed impairment in 20 C.F.R. Part 404, Subpart A, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526). The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to do the following:

> perform sedentary work as defined in 20 CFR 404.1567(a) except she can occasionally climb ramps and stairs, balance, and stoop; never kneel, crouch, or crawl; never climb ladder, ropes, or scaffolds. She cannot tolerate concentrated exposure to extreme cold or vibration, and she cannot work around unprotected heights, open flames, or dangerous and moving machinery.

Doc. 18, at 2. The ALJ found Plaintiff was capable of performing her past relevant work as a customer service policy holder information clerk. The Appeals Council denied Plaintiff's request for review, making the ALJ's ruling the Commissioner's final decision. *Id.*

## STANDARD OF REVIEW

When reviewing a decision to deny benefits, the Court "will uphold the Commissioner's decision if the ALJ applied the correct legal standards and supported his decision with substantial evidence." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010) (internal quotations omitted). "When reviewing for substantial evidence, [the Court] do[es] not displace the ALJ's judgment by reconsidering facts or evidence or making credibility determinations." *Id.* If

reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012).

## DISCUSSION

In her Motion for Summary Judgment, Plaintiff argued that the ALJ failed to properly evaluate Plaintiff's mental impairments, did not follow SSR 96–8p in determining Plaintiff's RFC, and improperly evaluated Plaintiff's subjective allegations of pain. Doc. 12.

**1. Mental Impairments**

The ALJ found that Plaintiff did not have a medically determinable mental impairment. Plaintiff asserts that the ALJ erred in this determination by failing to subject Plaintiff's depression to the "special technique" outlined for assessing mental impairments and by failing to evaluate the impact of Plaintiff's alleged impairments on her RFC. However, the Magistrate Judge noted that, in determining whether a claimant has a medically determinable mental impairment, the ALJ is instructed as follows:

> Your impairment(s) must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source. We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s).

20 CFR § 404.1521. The Magistrate Judge reasoned that under § 404.1521, when considering whether Plaintiff has a medically determinable mental impairment, the ALJ does not need to consider Plaintiff's statements of symptoms, a diagnosis, or medical opinion; rather, the mental impairment must result from "anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques …" and "must be established by objective medical evidence from an acceptable medical source." Doc. 18, at 3–

3

4. After discussing the opinions of three physicians, the Magistrate Judge reached the following conclusion:

> While these physicians recognized minor mental limitations, they merely provided opinions and diagnoses, which the Regulations expressly find insufficient to establish an impairment. § 404.1521. Plaintiff does not cite medically acceptable clinical and laboratory diagnostic results establishing a mental impairment. Further, Plaintiff ignores the opinion of the State agency consultant at the reconsideration level, that "no mental impairment exists." (R. 90.) Instead, at the reconsideration level, the physician found that any difficulties concentrating and getting along with others were attributable to her physical pain. (R. 90.) The ALJ's finding that Plaintiff does not have a medically determinable mental impairment is supported by substantial evidence.

Doc. 18, at 4.

In her Objection to the Magistrate Judge's Report and Recommendation, Plaintiff again argues that the ALJ did not appropriately assess Plaintiff's mental impairments. Doc. 19, at 2–7. Specifically, Plaintiff states that Dr. Kristen Schoenbach, a consultative psychological examiner, diagnosed Plaintiff with an unspecified depressive disorder, noted Plaintiff's physical distress related to chronic pain, and explicitly based her opinion and diagnosis on Plaintiff's "report of her experiences, a review of records, as well as information obtained during a clinical interview[.]" Doc. 19, at 3 (AR 573). Plaintiff argues that Dr. Schoenbach's diagnosis was based upon a specialized clinical interview and mental status examination performed by an impartial, consultative doctor with a relevant specialization, and the ALJ therefore erred when it concluded that Plaintiff did not have a medically determinable mental impairment.

Although Plaintiff takes issue with the ALJ's conclusion that Plaintiff did not have a medically determinable mental impairment, the record shows that the ALJ considered the diagnoses of Dr. Schoenbach as well as the other physicians. However, the ALJ also considered the lack of "abnormal mental heath findings" and ultimately assigned little weight to one physician's finding that Plaintiff was only able to recall a series of numbers forward and

backward to five digits. Similarly, the Magistrate Judge noted that at the reconsideration level, the state agency consultant found that "no mental impairment exists" and that any difficulties concentrating and getting along with others were attributable to Plaintiff's physical pain. Doc. 18, at 4 (R. 90). Plaintiff fails to address the state agency consultant's findings in her Objection to the Report and Recommendation. The Court therefore agrees with the Magistrate Judge's Report and Recommendation insofar as the ALJ's finding that Plaintiff does not have a medically determinable mental impairment was supported by substantial evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011).

    2. **Residual Functional Capacity**

Next, Plaintiff argues that the ALJ did not properly evaluate Plaintiff's RFC. Doc. 19, at 7–10. A claimant's RFC is a measure of "the claimant's ability to do physical and mental work activities on a regular and continuing basis despite limitations from her impairments." *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). When determining a claimant's RFC, the ALJ must consider all medically determinable physical and mental impairments, both severe and nonsevere. *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008). Importantly, the ALJ "must build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), *as amended* (Dec. 13, 2000).

Here, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to do the following:

> perform sedentary work as defined in 20 CFR 404.1567(a) except she can occasionally climb ramps and stairs, balance, and stoop; never kneel, crouch, or crawl; never climb ladder, ropes, or scaffolds. She cannot tolerate concentrated exposure to extreme cold or vibration, and she cannot work around unprotected heights, open flames, or dangerous and moving machinery.

5

Doc. 18, at 2. The ALJ found Plaintiff was capable of performing her past relevant work as a customer service policy holder information clerk.

In her Motion for Summary Judgment, Plaintiff argued that no physician opined to a sedentary RFC, and thus the ALJ failed to build a logical bridge between the evidence and her conclusion that Plaintiff was able to perform sedentary work. Doc. 12, at 10–14. However, the Magistrate Judge noted that the ALJ did not reject all available medical evidence in arriving at the RFC determination; rather, the ALJ gave some weight to the state agency medical consultants at the initial and reconsideration level who opined that Plaintiff could perform light work. Doc. 18, at 5 (R. 23–24). The ALJ found that the medical opinions were "generally consistent with the medical evidence of record as of the date the opinions were rendered," but also considered Plaintiff's continuing treatment, ultimately giving her the "benefit of the doubt" and finding Plaintiff was only capable of sedentary work. *Id*. As noted by the Magistrate Judge, none of the medical records cited by Plaintiff included a medical opinion finding Plaintiff unable to do sedentary work. *Id*.

In her Objection to the Magistrate Judge's Report and Recommendation, Plaintiff argues that the ALJ did not logically bridge the evidence as a whole with the conclusion that Plaintiff was capable of performing sedentary work with postural restrictions. Doc. 19, at 7. Specifically, Plaintiff relies on her testimony before the ALJ that she could not sit in excess of 30 minutes, stand in excess of 10 minutes, or walk more than half of a block. *Id*. (AR 237, 279). Plaintiff argues that the medical evidence of Plaintiff's knee problems supports her alleged inability to perform the standing and walking requirements of sedentary work. *Id*. at 9. Additionally, Plaintiff asserts that the ALJ failed to consider her testimony that two to three times a month, she needed to lie down on the floor with pillows between her knees and ice packs on her body for one to two

6

days due to exacerbations of her leg pain. *Id*. (AR 45). However, as Defendant argued in its Motion for Summary Judgment, the record contains little to no evidence of a medical need for Plaintiff to lie down during the day, and (as discussed more fully in the next section) the ALJ gave some credit to Plaintiff's subjective complaints of pain and fatigue by giving her the benefit of the doubt when finding Plaintiff was only capable of sedentary work. Doc. 16, at 12. Moreover, as noted by the Magistrate Judge, the function reports cited by Plaintiff in support of her argument do not mention a need to lay down. Instead, Plaintiff reported drowsiness and that she "must be able to sit and walk" during the day due to pain. Doc. 18, at 6. It was thus reasonable for the ALJ to conclude that Plaintiff's fatigue was not so severe as to render her unable to perform sedentary work, and the Magistrate Judge did not err in finding that the ALJ's decision was supported by substantial evidence.

### 3. Subjective Allegations of Pain

Lastly, Plaintiff argues that the ALJ improperly assessed Plaintiff's subjective allegations of pain. Doc. 19, at 10. The ALJ must consider all the claimant's statements about his or her symptoms, including pain, and any medical or nonmedical descriptions about how the symptoms affect the claimant's activities of daily living and ability to work. 20 C.F.R. § 404.1529(a). However, statements about pain do not alone establish that a claimant is disabled; there must be objective medical evidence from an acceptable medical source that show the claimant has a medical impairment which could reasonably be expected to produce the pain alleged, and that, when considered with other evidence, would lead to a conclusion that the claimant is disabled. 20 C.F.R. § 404.1529(a).

In her Motion for Summary Judgment, Plaintiff largely recited the medical records detailing her history of back and knee problems as support for her argument that the ALJ did not

adequately evaluate or consider Plaintiff's subjective allegations of pain. The ALJ acknowledged Plaintiff's reports of neck, back, knee, and shoulder pain, but found that the record showed "a history of treatment prior to the alleged onset date" and did not show "significant worsening at or near the alleged date." Doc. 18, at 7 (R. 20). The ALJ also noted that the medical record showed at least partial improvement of Plaintiff's symptoms of pain with injections and medications, and also considered her complaints of pain in light of her "extensive and independent" daily activities such as yoga, Pilates, tai chi, preparing meals, and doing daily chores. *Id*.

The Magistrate Judge "recognize[d] that even with partial improvement, Plaintiff continued to complain of pain to her treaters," but reasoned that the ALJ accommodated her pain in his analysis by limiting Plaintiff to sedentary work with limitations. *Id*. The Magistrate Judge noted that Plaintiff's statements about her pain could not alone establish that she is disabled, and ultimately concluded that the ALJ reasonably found that Plaintiff's statements were not supported by the objective medical evidence. *See also Boeck v. Berryhill*, No. 16-C-1003, 2017 WL 4357444, at *16 (E.D. Wis. Sept. 30, 2017) (noting that "[t]here is no presumption that the statements of claimants seeking disability benefits are true absent conclusive evidence that they are exaggerating their symptoms" and "[i]t would be a strange (and likely insolvent) system that required that applicants be awarded such valuable benefits whenever an ALJ in a non-adversary proceeding was unable to conclusively refute each subjective complaint of pain and disability a claimant makes").

In her Objection to the Magistrate Judge's Report and Recommendation, Plaintiff again asserts that the ALJ did not sufficiently analyze the temporary nature of her improved condition, assigned too much weight to Plaintiff's statements regarding her ability to perform daily activities, did not address the qualifications Plaintiff placed on her ability to do those activities,

and did not address the side effects of her medications. Doc. 19, at 10–13. However, the ALJ's conclusions were reasonable when viewed as a whole, and the Magistrate Judge did not error in finding that the ALJ's decision was supported by substantial evidence. *Castile*, 617 F.3d at 926.

## CONCLUSION

For the reasons set forth above, the Court adopts Magistrate Judge Eric Long's Report and Recommendation (Doc. 18). Plaintiff's Motion (Doc. 11) for Summary Judgment is DENIED, and Defendant's Motion (Doc. 15) for Summary Judgment is GRANTED, and the Commissioner's decision to deny benefits is affirmed.

The Clerk is directed to substitute ANDREW SAUL as the Defendant in this action, and is further directed to close the case.

Signed on this 24th day of July, 2019.

s/ James E. Shadid  
James E. Shadid  
United States District Judge